**Willie D. CURRY, Plaintiff,**

v.

**Frank A. HALL, et al., Defendants.**

**Civ. No. 93–525–FR.**

United States District Court,
D. Oregon.

Dec. 9, 1993.

Spencer M. Neal, Ginsburg & Neal, Portland, OR, for plaintiff.

Theodore R. Kulongoski, Atty. Gen., Jan Peter Londahl, Asst. Atty. Gen., Salem, OR, for defendants.

### OPINION

FRYE, District Judge:

The matters before the court are 1) the motion of the defendants for judgment on the pleadings (# 45); and 2) the motion of the plaintiff for class certification (# 33).

### FACTS

The plaintiff, Willie D. Curry, brings this action under the Civil Rights Act of 1871, seeking class certification and an injunction precluding the defendants from applying OAR 291–105–015(3)(c) to statements contained in written grievances filed pursuant to OAR 291–105–005 *et seq.* Curry alleges that he filed a written grievance following a routine patdown search conducted on or about April 5, 1993, and that as a result of the filing of this grievance, he was found to have violated OAR 291–105–015(3)(c). OAR 291–105–015(3)(c) provides: "An inmate commits False Information to Employees II when he/she presents or causes the presentation of false and misleading information to employees. False or misleading information includes gestures, and auditory and/or written communication." Curry alleges that the application of OAR 291–105–015(3)(c) abridged his First Amendment rights when it was applied to the statements that he made in the written grievance.

### STANDARD OF REVIEW

For purposes of a motion under Fed.R.Civ.P. 12(c):

Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment.

*Hal Roach Studios, Inc. v. Richard Feiner and Co.,* 896 F.2d 1542, 1550 (9th Cir.1989)

(citation omitted); *see also 3550 Stevens Creek Assocs. v. Barclays Bank of Cal.,* 915 F.2d 1355, 1357 (9th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2014, 114 L.Ed.2d 101 (1991).

### CONTENTIONS OF THE PARTIES

The defendants contend that the facts as alleged by Curry in his complaint fail to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(c) and (h) because no constitutional rights are implicated by OAR 291–105–015(3)(c). The defendants also contend that the overbreadth doctrine does not apply to OAR 291–105–015(3)(c).

Curry contends that the motion of the defendants for judgment on the pleadings should not be granted because there are disputed issues of material fact concerning the disciplining of Curry for the false statements contained in the grievance. Curry argues that false statements are, in fact, protected speech and, as such, the test delineated in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), should be applied to determine whether OAR 291–105–015(3)(c) is valid.

### ANALYSIS AND RULING

1. *Are there any material issues of fact which are disputed?*

Curry argues that the facts surrounding the application of OAR 291–105–015(3)(c) to his disciplinary situation are at issue in this action. The defendants argue that the facts surrounding the application of OAR 291–105–015(3)(c) are irrelevant because Curry has neither contested the application of OAR 291–105–015(3)(c) to his particular circumstances nor argued that OAR 291–105–015(3)(c) is unconstitutional as applied. The court finds that Curry has challenged the constitutionality of OAR 291–105–015(3)(c) since he seeks two forms of relief: 1) an injunction barring enforcement of OAR 291–105–015(3)(c) when false statements are uttered in grievances; and 2) a declaration that the rule is unconstitutional.

Essentially, Curry is asking this court to determine whether OAR 291–105–015(3)(c) is

unconstitutional on its face. The facts and circumstances surrounding the disciplining of Curry are only relevant to this action because they provide Curry standing to proceed. With the exception of satisfying the standing requirement, the particular facts and circumstances surrounding the disciplining of Curry and his retaliation claim are not material. The remaining issues in this case are purely matters of law, and judgment on the pleadings is appropriate.

### 2. The Overbreadth Doctrine

■■■■ The overbreadth doctrine as applied to First Amendment cases "is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others." *Massachusetts v. Oakes*, 491 U.S. 576, 581, 109 S.Ct. 2633, 2637, 105 L.Ed.2d 493 (1989). Thus, under the overbreadth doctrine, "[a] litigant whose expression is admittedly within the constitutionally valid applications of a statute is permitted to assert the statute's potentially invalid applications with respect to other persons not before the court and with whom the litigant stands in no special relationship." Monaghan, *Overbreadth* 1–2 Sup.Ct.Rev. (1981). In application, the overbreadth doctrine invalidates statutes that regulate expressive conduct only if the overbreadth is not only "real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2918, 37 L.Ed.2d 830 (1973). For a challenge of overbreadth to succeed, there must be "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 801, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984). Even if a statute or rule at its margins infringes on protected expression, facial invalidation is inappropriate if the remainder of the statute covers a whole range of easily identifiable and constitutionally prescribable conduct. *Osborne v. Ohio*, 495 U.S. 103, 112, 110 S.Ct. 1691, 1697–98, 109 L.Ed.2d 98 (1990); *New*

*York v. Ferber*, 458 U.S. 747, 770, 102 S.Ct. 3348, 3361–62, 73 L.Ed.2d 1113 (1982).

■■■■ The thrust of Curry's claim is that OAR 291–105–015(3)(c) is overbroad because it potentially sanctions speech contained in grievances. Curry argues that speech in grievances is afforded special protection by virtue of the Petition Clause of the First Amendment. Speech contained in petitions to the government is not entitled to any greater protection than utterances in any other context. *Belk v. Town of Minocqua*, 858 F.2d 1258, 1262 (7th Cir.1988). The *Belk* court stated: "Not only is there no legal or historical precedent for such a stratification of first amendment freedoms, as *McDonald [v. Smith*, 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985) ] suggests, but such special treatment of the right to petition would unjustly favor those who through foresight or mere fortuity present their speech as a grievance rather than in some other form." 858 F.2d at 1262. Further, the Petition Clause does not provide absolute immunity to those who make false statements, even in the context of petitions to the government. *McDonald v. Smith*, 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). Thus, the ground for holding OAR 291–105–015(3)(c) unconstitutional under the overbreadth doctrine asserted by Curry fails. Speech in prisoner grievances is afforded no special protection under the Petition Clause.

### 3. The Application of Turner v. Safley

■■■■ In *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987), the United States Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." With certain exceptions, notably the Eighth Amendment, the *Turner* framework applies in approaching all claims in which it is asserted that a particular prison practice or rule implicates constitutional rights. *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). Thus, the violation of a constitutional right is an analytical prerequisite to the application of the *Turner* test. The defendants contend that there is no con-

stitutional protection for false statements made in the prison context, and therefore the *Turner* test does not apply. Curry argues that OAR 291–105–015(3)(c) infringes on his right to free speech because OAR 291–105–015(3)(c) does not require an independent inquiry into whether a false statement was uttered with malice.

 The Supreme Court has repeatedly ruled that statements that are factually false are not protected by the First Amendment. *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 18, 110 S.Ct. 2695, 2705, 111 L.Ed.2d 1 (1990); *Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 52, 108 S.Ct. 876, 880, 99 L.Ed.2d 41 (1988); *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 771, 96 S.Ct. 1817, 1830, 48 L.Ed.2d 346 (1976); *Garrison v. Louisiana,* 379 U.S. 64, 75, 85 S.Ct. 209, 216, 13 L.Ed.2d 125 (1964). In a case of defamation, where there is a media defendant, a public official, or a public figure as the plaintiff, and the topic is one of public concern, the additional element of actual malice must be proven before damages can be recovered. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). A claim under OAR 291–105–015(3)(c) is not analogous to a claim for defamation in which a public official or media defendant is involved. The communication of false statements to prison employees by inmates does not occur in the media context, and such a communication is not a topic of public debate. Thus, the constitutionality of OAR 291–105–015(3)(c) does not need to be measured against the actual malice standard of *New York Times Co. v. Sullivan.* The court concludes that no First Amendment right is implicated by the sanction provided in OAR 291–105–015(3)(c) for the making of false statements.

The fact that a false statement is included in a grievance does not give the false statement a special First Amendment status, transforming the statement into protected speech. No constitutional right is implicated in the enforcement of OAR 291–105–015(3)(c) because false statements are not generally protected by the First Amendment. There-

fore, the *Turner* test does not apply in this case.

 If the court was to accept Curry's analogy to defamation in a public debate/media context, a First Amendment right might be implicated by the omission of an actual malice standard in OAR 291–105–015(3)(c), triggering the *Turner* analysis. However, Curry would not survive scrutiny, even if the *Turner* test was applied. In *Turner v. Safley,* the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89, 107 S.Ct. at 2261–62. This determination requires a consideration of 1) whether the regulation has a logical connection to the legitimate government interests invoked to justify it; 2) whether there are alternative means of exercising the rights that remain open to the inmates; 3) the impact that the accommodation of the asserted constitutional right will have on other inmates, guards and prison resources; and 4) the presence or absence of ready alternatives that fully accommodate the prisoners' rights at de minimis cost to valid penological interests. *Id.* at 89–93, 107 S.Ct. at 2261–64; *McCabe v. Arave,* 827 F.2d 634, 637 (9th Cir.1987).

The crux of Curry's arguments regarding the *Turner* test is whether the government has a legitimate interest in suppressing the grievances of prisoners. However, these arguments are not consistent with the allegations and relief requested in Curry's amended complaint. Curry challenges the constitutionality of OAR 291–105–015(3)(c) arguing that it is overbroad because it "has a chilling effect upon the right of the members of the class to petition for redress of their grievances." Second Amended Complaint, p. 5. Thus, the question under the *Turner* test is not what penological interest is served by suppressing the grievances of prisoners in general, but what penological interest is served by the sanctions provided in OAR 291–105–015(3)(c) when prisoners make false statements to prison officials in grievances.

The government has an unmistakable interest in preserving safety and order in the prison system. False statements made by

inmates to prison guards significantly impede those interests. If prison officials allowed inmates the unsanctioned right to provide false statements to guards or to prison officials, even in the context of grievances, the stability and safety of the prison system would be threatened. OAR 291–105–015(3)(c) does not preclude prisoners from making false statements to non-prison employees. The balance of interests under *Turner* favors the validity of OAR 291–105–015(3)(c).

### CONCLUSION

For the foregoing reasons, the motion of the defendants for judgment on the pleadings (# 45) is granted, and the motion of Curry for class certification (# 33) is deemed moot.